## PARIS v. THE PEOPLE.

### APPEAL from the District Court of San Juan.

No. 43.—Decided December 14, 1903.

OWNERSHIP.—The brief and summary nature of the proceedings to establish ownership precludes therein all kinds of incidental issues and therefore the decisions rendered in said proceedings must be confined to a declaration as to whether or not the ownership of the estate which is the object thereof has been established.

### STATEMENT OF THE CASE.

These proceedings were brought to secure a declaration of ownership, in the District Court of San Juan by Juan París, and contested by The People of Porto Rico, and the case is now pending before us on appeal taken by the petitioner, represented in this Supreme Court by Wenceslao Bosch, Esq.; the respondent, namely The People of Porto Rico, being represented, first, by the Acting Attorney General, and afterwards by the *Fiscal* of this court.

Said District Court, upon the termination of the proceedings rendered its decision which literally reads as follows:

"San Juan, Porto Rico, April eighteenth, one thousand nine hundred and three.

"On August 29, 1902, Attorney Wenceslao Bosch, on behalf of Juan París, instituted these judicial proceedings to secure admission to record a title of ownership in his favor, of a parcel of land containing seventy-two *cuerdas,* situated in *barrio* 'Cangrejos-Arriba,' within the Municipal District of Carolina, being bounded on the east and south by lands belonging to Fermín Martínez Villamil; on the north by the sea and on the west by the lands of Pedro Bulerni; he stated that his client acquired the said property by inheritance from his father, Pedro París, and had been paying the taxes assessed thereon, since 1895; that said real estate is free from encumbrances and is

citando por carecer de título inscrito se le admitiera la información · que propondría y se declarase á su favor el dominio de dicho inmueble á fin de poder ·efectuar su inscripción en el Registro de la Propiedad.

*Resultando*: que á este escrito acompañó varios recibos de contribución de los años de novecientos al novecientos tres, y dos de Junio de mil ochocientos noventa y cinco; de contribución Municipal de la Carolina.

*Resultando*: que admitida con audiencia del Ministerio Fiscal la información ofrecida, ordenando se evacuase con su citación, sin que conste que el Tribunal lo ordenara, aparece·publicado un edicto en el número de la Caceta de cuatro de Septiembre del año próximo pasado, convocando á los que tuviesen algún derecho real sobre la finca anteriormente descrita, las personas ignoradas y en general todas las que quisiesen oponerse al dominio solicitado, para que lo verificasen dentro del término de sesenta días naturales.

*Resultando*: que en virtud de esa publicación, en nueve del referido mes de Septiembre, se presentó el Hon. Tesorero de Puerto Rico oponiéndose á la· solicitud de Don Juan París, por pertenecer al Pueblo de Puerto Rico las tierras referidas, procedentes de las extinguidas comunidades religiosas, sin que á ellas tuviese ningún derecho, adeudándose por el contrario al Tesoro los arrendamientos de muchos años de esa finca, que no se habían satisfecho.

*Resultando*: que comunicada al Hon. Attorney General la oposición de la Tesorería, en 1º de Octubre de 1902, el Acting Attorney General, en representación del Pueblo de Puerto ·Rico, formalizó dicha oposición, acompañando un plano levantado en 23 de Junio de 1859 de los terrenos pertenecientes á la Real Hacienda, en el barrio de Cangrejos Arriba, de la Carolina, y un expediente formado por la Administración General Económica de esta Isla, durante la dominación Española, para la venta de dichas tierras, alegando que según aparece de dicho expediente acordada la venta de dichas tierras en 1872, para mayor facilidad y beneficio del Tesoro fueron divididos en lotes, resultando que el número 11 lo poseía en arrendamiento Gabriel París; que dicho lote fué sacado á pública subasta varias veces sin éxito alguno; que por falta de pago de los arrendamientos, en Julio de mil ochocientos setenta y cuatro, se ordenó el lanzamiento de Gabriel París de los terrenos que ocupaba, sin que esta orden se cumpliera; que en Septiembre de mil ochocientos

valued at two hundred and fifty dollars; and as he had no recorded title, he prayed that the testimony which he proposed to introduce be admitted and that the ownership (dominion title) of said property be declared in his favor, in order that he might have the same recorded in the Registry of Property.

"This petition was accompanied by a number of tax-receipts for the years 1900 to 1903 and two for June of 1895, of municipal tax in Carolina.

"The application for a hearing was granted and the *Fiscal* was heard, an order being issued for his citation. An edict appeared in the Gazette of September 4, 1902, it not appearing that the same was ordered by the court, summoning all parties who had any property rights in the tract of land hereinbefore described, persons unknown and in general all those who might desire to oppose the declaration of ownership solicited, in order that they might do so within sixty judicial days.

"In response to said publication the Treasurer of Porto Rico, on the 9th of the same month, contested the petition of Juan París, alleging that the lands referred to belonged to The People of Porto Rico, the same having been acquired from the abolished religious communities and that said París had no right thereto, but on the contrary, the property was in default with the Treasury of Porto Rico for many years' lease-rent, which had not been satisfied.

"Notice of the Treasurer's opposition was given to the Attorney General on October 1, 1902, and the Acting Attorney General, on behalf of The People of Porto Rico, perfected said opposition, and filed therewith a map drawn June 25, 1859, of the lands belonging to the *Real Hacienda* (the Treasury), in *barrio* 'Cangrejos-Arriba' of Carolina, together with a record of proceedings had by the 'Administración General Económica' (Treasury Department) of this Island, during the Spanish domination, for the sale of said lands, alleging that as shown from said record, the sale of these lands having been decided upon in 1872, they were divided into parcels for greater convenience and profit to the Treasury, parcel No. 11 being held by Gabriel París, as lessee thereof; that said parcel was offered at public sale on various occasions without success; that for failure to pay the lease-rent in July 1874, Gabriel París was ordered to be ejected from the lands occupied by him, which order was not carried out; that in September of 1879, said París requested that he be granted free use

setenta y nueve el mismo París solicitó se le concediera gratis el uso de dicho lote, lo que le fué denegado; que en Julio del ochenta y ocho se dispuso, entre otras cosas, que la Hacienda Pública se encautase del repetido lote número 11, del cual se habían segregado ya algunas cuerdas y seguía usufructuándola Gabriel París ó sus herederos, nombrándose depositario del mismo á Juan París; que esa resolución se cumplió en veinte y cuatro del mencionado mes de Julio del ochenta y ocho, haciéndose cargo Juan París del depósito, bajo las penas que las leyes determinan, según el Acta que á su ruego suscribió Manuel Méndez, y concluyendo, después de varias consideraciones jurídicas, por suplicar se declarase sin lugar, con las costas, la pretensión de Paris y que el dominio de dicho lote corresponde al Pueblo de Puerto Rico mandando proceder criminalmente contra el repetido París por el delito que había cometido al presentar como suyos bienes que tenía en depósito, con los demás pronunciamientos del caso.

*Resultando*: que habiendo transcurrido con exceso el término señalado para la presentación de las pruebas y no llegando á mil pesos el valor del inmueble de cuyo dominio se trata, en auto de seis de Marzo último se dispuso oir al Ministerio Fiscal y demás interesados en una comparecencia verbal, para la que se señaló el veintitrés del propio mes, á las ocho de la mañana, y como resultara feriado ese día é impedido de conocer en estos autos el Juez Asociado Señor Richmond, en provistos del veinticinco de Marzo y cuatro del corriente se aplazó dicha comparecencia para el diez y seis del mes en curso, todas cuyas providencias fueron oportunamente notificadas y consentidas por las partes.

*Resultando*: que en quince de este mismo mes de Abril promovió el Lcdo., Don Wenceslao Bosch, abogado de París, incidente de nulidad de todo lo actuado desde que se dictó la providencia de seis de Marzo, y que en su lugar se concediese el plazo de ciento ochenta días fijado en el artículo 395 de la Ley Hipotecaria para proponer pruebas pidiendo al propio tiempo se suspendiera el acto verbal señalado para el día siguiente, pretensiones que se declararon sin lugar el mismo día quince, llevándose á efecto el diez y seis la audiencia verbal dispuesta, á la que sólo concurrió el Sr. Fiscal que hizo las alegaciones que estimó oportunas en representación del Pueblo de Puerto Rico.

*Resultando*: que Don Juan París no promovió prueba alguna durante el término concedido para proponerla y evecuarlas, ni poste-

of said parcel of land, which request was denied; that in July of 1888 the Public Treasury was ordered, among other things, to take possession of aforesaid parcel No. 11, from which some *cuerdas* had already been segregated and the usufruct whereof continued to be enjoyed by Gabriel París or his heirs, Juan París being appointed the trustee thereof; that the said decision was complied with on July 24, 1888, Juan París taking charge of the trust, under the penalty prescribed by the laws, according to a document signed at his request by Manuel Méndez. After urging many legal considerations the Acting Attorney General finally prayed that the claim set up by París be dismissed, with costs, and that the ownership of said parcel of land be declared in favor of The People of Porto Rico, and that it be ordered that aforesaid París be criminally prosecuted for the offense committed in representing as his own, property which he held in trust, with such other action as the case might warrant

"The period fixed for the introduction of evidence having expired and the value of the property in question being less than one thousand dollars, an order was issued on March 6, 1903, directing that the Department of Justice and the other parties interested be summoned to appear at an oral hearing which was set for eight o'clock a. m., on the 23rd of the same month; but said day being a holiday, and Associate Judge Richmond being unable to take cognizance of the case, by orders dated March 25 and April 4, 1903, said hearing was postponed to the 16th of April, of which orders due notice was served upon the parties and they acquiesced therein.

"On April 15, Wenceslao Bosch, Esq., counsel for Paris, raised an incidental issue asking for the annulment of all proceedings had subsequently to the issuance of the order of March 6, and that in lieu thereof the term of one hundred and eighty days fixed by article 395 of the Mortgage Law for the proposal of evidence be allowed, and at the same time asking that the oral hearing set for the following day, be postponed, which requests were denied on the same day, the oral hearing taking place as ordered, on the 16th, at which only the *Fiscal* appeared and made such allegations as he deemed proper on behalf of The People of.Porto Rico.

"Juan París proposed no evidence during the period allowed therefor, nor subsequently, nor did he even attend to the summoning of

riormente, ni se cuidó siquiera de que fuesen citados los colindantes, ni de acreditar que se publicase por tres veces el edicto mandado á anunciar en la Gaceta.

*Resultando* : que el Acting Attorney General ha justificado plenamente con el plano y expediente que presentara durante el indicado término y que no han sido impugnadas en manera alguna, todos los hechos en que fundara su oposición; y

*Considerando* : que no habiendo intentado siquiera justificar el dominio que se atribuyera Don Juan París, es imposible acceder á su pretensión.

*Considerando* : que el Acting Attorney General ha probado plenamente que ese dominio corresponde al Pueblo de Puerto Rico; que los antecesores del expresado París y él mismo sólo han tenido en arrendamiento las tierras de que se trata habiéndose depositado últimamente en el propio París que aceptó el cargo y se obligó á su desempeño bajo las penas que la ley impone á los depositarios infieles.

*Considerando* : que si en tal concepto ha poseido Don Juan París el lote de terrenos á que este expediente se contrae, y pagado sus contribuciones, esa circunstancia no le da derecho alguno de propiedad sobre las indicadas tierras, derecho que tampoco pudieran trasmitirle sus antecesores, puesto que nunca lo tuvieron, habiendo poseido únicamente los mencionados terrenos á título de arrendatarios.

*Considerando* : que el Artículo 395 de la Ley Hipotecaria que señalaba ciento ochenta días para la admisión de las pruebas en estos expedientes fué modificado por el párrafo 6º de la Orden Judicial de cuatro de Abril de mil ochocientos noventa y nueve, limitándose dicho plazo al de sesenta días en cuya virtud, por haber sido consentidas y ejecutoriadas las providencias de seis y veinticinco de Marzo y cuatro del corriente, que son de mera substanciación y porque la naturaleza breve y sumaria de estos expedientes que tienen su tramitación especial determinada en la Ley Hipotecaria, excluye en ellos la admisión de toda clase de incidentes, fué perfectamente desestimado el de nulidad que promoviera el Licdo. Don Wenceslao Bosch en quince del que cursa.

*Considerando* : que por las propias razones la resolución que en este asunto recaiga debe contraerse exclusivamente á la declaratoria de dominio solicitada por el actor, sin perjuicio de los derechos que al Pueblo de Puerto Rico asistan en otros conceptos, para que los ejerciten en los juicios correspondientes.

the adjoining land-owners, nor show that the proclamation ordered to be inserted in the 'Gazette' had been published.

"The Acting Attorney General has fully proven by the survey and record filed during the aforesaid period, and which were not in any manner attacked, all the facts upon which his opposition was based.

"Juan París not having even attempted to prove the ownership claimed by him, it is imposible to grant his application.

"The Acting Attorney General has fully proven that said ownership resides in The People of Porto Rico; that the predecessors of the aforesaid París, and París himself, were only the lessees of the lands in question, which latterly were held in trust by the said París who accepted the trusteeship and was bound to discharge the duties of same under the penalties imposed by the laws upon unfaithful trustees.

"If, as such trustee, Juan París has possessed the parcel of land referred to in the proceedings and paid taxes thereon, this circumstance does not give him any title to aforesaid lands, nor could his predecessors have transmitted said title to him, since they never had it, they having held the tract of land in question only as lessees thereof.

"Article 395 of the Mortgage Law, which fixed one hundred and eighty days for the admission of evidence in these proceedings, was modified by paragraph 6 of the Judicial Order of April 4, 1899, which limited said period to sixty days, and accordingly, the orders of March 4 and 24, 1903, which were of mere procedure, having been acquiesced in and executed and the brief and summary nature of the special procedure, as established by the Mortgage Law, precluding incidental issues of every character, the one referring to the annulment of proceedings, raised on the 15th instant by Wenceslao Bosch, Esq., was properly dismissed.

"For these reasons the decision rendered in this case should have reference only to the declaration of ownership requested by the plaintiff, without prejudice to such rights as The People of Porto Rico may have in other respects, to be prosecuted in the proper action.

Se declara sin lugar, con las costas, la pretensión deducida en este expediente por Don Juan París, por no haber acreditado el dominio que se atribuyera sobre la finca rústica al principio descrita, que pertenece al Pueblo de Puerto Rico, al que se reservan todas las acciones de que sus representantes le consideren asistido contra el citado París ú otras personas, á fin de que los ejerciten en el juicio y forma correspondientes. Y una vez que sea firme este auto, devuélvanse al Hon. Attorney General el plano y expediente administrativo que remitiera á la Tesorería con la oportuna comunicación.

Así lo acuerdan y firman los Sres. del Tribunal, certifico: Juan Morera Martínez, Angel García, José Tous Soto, Luis Méndez Vaz''.

*Resultando*: que contra dicho auto interpuso la parte que inició el expediente de dominio recurso de apelación, y oido éste libremente y en ambos efectos, se elevaron los autos con citación y emplazamiento de las partes, y dada al recurso la tramitación prevenida por la Ley de la Asamblea Legislativa de doce de Marzo último, tuvo lugar la vista del mismo con asistencia de la representación de las partes.

Abogado del apelante: *Sr. Bosch.*

Abogado del apelado: *Sr. del Toro,* Fiscal.

El Juez Asociado Sr. Figueras, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Aceptando* los fundamentos de hecho y de derecho del auto apelado, rectificando el error que contiene el cuarto de esta última clase, puesto que la Orden Judicial que se cita es de siete de Abril de mil ochocientos noventa y nueve y no del cuatro, como se consigna por equivocación.

*Considerando*: que las providencias de seis, veinticinco de Marzo y cuatro de Abril del año corriente fueron notificadas y consentidas por el Agente designado por la misma parte que pidió su nulidad, y hoy no hay términos hábiles para revocar el auto que resuelve solamente la cuestión de dominio promovida.

"The claim set up in these proceedings by Juan París is dismissed, he having failed to prove his right of ownership to the property hereinbefore described, which belongs to The People of Porto Rico, the latter being left at liberty to exercise all such rights as in the opinion of its. representatives it may have against Juan París or other persons, by prosecuting the same in the proper action. As soon as this decision becomes final, the map and record of administrative proceedings remitted by him to the Treasurer, are ordered to be forwarded to the Attorney General, with the proper communication. Thus it is decided and signed by the judges of this court, to which I certify. Juan Morera Martínez, Angel García, José Tous Soto. Luís Méndez Vaz."

From this order the party instituting the proceedings to secure a declaration of ownership (dominion title) took an appeal which was allowed *en ambos efectos,* that is to say, with the effect both of staying the proceedings in the trial court and of transmitting the case for review in the appellate court. The record having been forwarded to this Supreme Court, and the parties duly summoned to appear, the appeal was proceeded with under the provisions of the act of the Legislative Assembly of the 12th of March last, counsel for the parties being present at the hearing.

*Mr. Bosch,* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

Mr. Justice Figueras, after making the above statement of facts, delivered the following opinion of the court.

The findings of fact and the conclusions of law contained in the decision appealed from are accepted, after correcting an error contained in the fourth conclusion of law, the Judicial Order cited being dated April 7, 1899, and not April 4, as erroneously stated.

Notice of the orders of March 6 and 25, and of April 4, 1903, were served upon and acquiesced in by the counsel for the party who sought to obtain the annulment thereof, and the order which decides only the question of ownership cannot now be reversed.

*Vistas* las disposiciones que se citan en el auto recurrido.

*Fallamos*: que debemos confirmar, y confirmamos, el auto que dictó la Corte de Distrito de San Juan en diez y ocho de Abril último, con las costas á la parte apelante, y con devolución de los autos, comuníquese esta resolución á dicha Corte á los efectos oportunos.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernández Sulzbacher y MacLeary.

In view of the provisions cited in the order appealed from, we adjudge that we should affirm and do affirm the decision rendered by the District Court of San Juan on April 18, 1903, with costs against the party appellant. This decision is ordered to be communicated to said court, and the record returned for the proper purposes.

Chief Justice Quiñones and Justices Hernández, Sulzbacher and MacLeary concurred.